UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MARIA LaMARIANA,

                Plaintiff,

-against-

TOWN OF SMITHTOWN, TOWN OF SMITHTOWN DEPARTMENT OF PUBLIC SAFETY DIRECTOR JOHN VALENTINE, TOWN OF SMITHTOWN PARK RANGER DIVISION SUPERVISOR THOMAS GROSSE, TOWN OF SMITHTOWN PARK RANGER JOSEPH PATERSON, VILLAGE OF HEAD OF THE HARBOR and VILLAGE OF HEAD OF THE HARBOR POLICE OFFICER ROBERT M. ROSENTHAL,

                Defendants.
----------------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

CV-16 1484

BIANCO, J.

TOMLINSON, M

The Plaintiff, Maria LaMariana, by her attorney Harold A. Steuerwald, LLC., as and for her Complaint, alleges as follows:

## INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of New York against the Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse, Town of Smithtown Park Ranger Joseph Paterson in his individual and official capacity, Village of Head of the Harbor and Village of Head of the Harbor Police Officer Robert M. Rosenthal, in his individual and official capacity.

2. The Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, unlawfully detained, unlawfully arrested, used excessive and unreasonable force and unlawfully touched the Plaintiff, Maria LaMariana, in violation of her rights under the Fourth and Fourteenth Amendments of the United States Constitution. The actions and conduct of the aforementioned individual Defendants are the result of a policy, practice, custom and deliberate indifference on the part of the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse and Village of Head of the Harbor.

3.      The Plaintiff seeks nominal and compensatory damages and requests that punitive damages be assessed against these Defendants individually, plus costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

4.      This action arises under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as well as a pendent state law claim for false arrest and imprisonment.

5.      The Defendants reside, work in their official capacity within, and/or are incorporated within the Eastern District of New York.

6.      This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1331 as this action presents claims under the United States Constitution and laws of the United States.

7.      This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1343(a)(3) as this action seeks to address the deprivation of rights and privileges, under the color of State law, in violation of provisions under the Constitution of the United States and of acts of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

8.      This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1367(a) as this action presents claims arising under State law which are so related to the federal claims asserted as to form part of the same case or controversy under Article III of the United States Constitution and laws of the United States.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) as the events and omissions giving rise to the claims herein occurred in this district.

10.     This Court is authorized to grant Plaintiff's prayer for relief regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

## PARTIES

11.     That at all times hereinafter mentioned, Maria LaMariana, (hereinafter referred to as the "Plaintiff") was and is an individual residing at 43 Landing Meadow Road, Smithtown, County of Suffolk, State of New York.

12. The Plaintiff is sixty-five (65) years old having been born on October 3, 1950.

13. Upon information and belief and all times hereinafter mentioned the Defendant, Town of Smithtown, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York with a principal office located at 99 West Main Street, Smithtown, County of Suffolk, State of New York.

14. Upon information and belief and all times hereinafter mentioned the Defendant, Town of Smithtown Department of Public Safety Director John Valentine, was and is a New York resident. The Defendant, Town of Smithtown Department of Public Safety Director John Valentine, was and is the Director of the Town of Smithtown Department of Public Safety with a principal office located at 65 Maple Avenue, Smithtown, County of Suffolk, State of New York.

15. Upon information and belief and all times hereinafter mentioned the Town of Smithtown Department of Public Safety, was and is a department formed and controlled by the Town of Smithtown.

16. Upon information and belief and all times hereinafter mentioned the Defendant, Town of Smithtown, owns, operates, manages, maintains, directs and controls the Town of Smithtown Department of Public Safety.

17. Upon information and belief and at all times hereinafter mentioned the Defendant, Town of Smithtown Department of Public Safety Director John Valentine, was and is in charge of supervising the individuals employed by the Town of Smithtown Department of Public Safety.

18. Upon information and belief and at all times hereinafter mentioned the Defendant, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse, was and is a resident of New York State. The Defendant, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse, was and is the supervisor of the Town of Smithtown Division of Park Ranger with a principal office located at 65 Maple Avenue, Smithtown, County of Suffolk, State of New York.

19. Upon information and belief and all times hereinafter mentioned the Town of Smithtown Park Ranger Division was and is a division of the Town of Smithtown Department of Public Safety.

20. Upon information and belief and all times hereinafter mentioned the Town of Smithtown Park Ranger Division was and is a division of the Town of Smithtown Department of Public Safety formed and controlled by the Town of Smithtown.

21. Upon information and belief and all times hereinafter mentioned the Defendant, Town of Smithtown owns, operates, manages, maintains, directs and controls the Town of Smithtown Park Ranger Division.

22. Upon information and belief and at all times hereinafter mentioned the Defendant, Town of Smithtown Department of Public Safety Director John Valentine, was and is in charge of supervising the individuals employed by the Town of Smithtown Park Ranger Division.

23. Upon information and belief and at all times hereinafter mentioned the Defendant, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse, was and is in charge of supervising the individuals employed by the Town of Smithtown Park Ranger Division.

24. Upon information and belief and all times hereinafter mentioned the Defendant, Joseph Paterson, is a New York resident and was and is a Town of Smithtown Park Ranger, employed by the Town of Smithtown and by acting under the color of state law assisted and participated in the acts committed upon the Plaintiff as set forth herein.

25. Upon information and belief and all times hereinafter mentioned the Defendant, Village of Head of the Harbor, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York with a principal office located at 500 North Country Road, St. James, County of Suffolk, State of New York.

26. Upon information and belief and all times hereinafter mentioned the Defendant, Robert M. Rosenthal, is a New York resident and was and is a Village of Head of the Harbor Police Officer employed by the Village of Head of the Harbor and by acting under color of state law assisted and participated in the acts committed upon the Plaintiff as set forth herein.

## NOTICE OF CLAIM

27. On March 17, 2015 a written Notice of Claim on behalf of the Plaintiff was served upon the Defendant, Town of Smithtown, in compliance with General Municipal Law § 50-e.

28. The service of the Notice of Claim was made within ninety (90) days from the date of the occurrence from which the action arises.

29. More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment of the claim has not been made and has been neglected and/or refused.

30. On demand of the attorneys for the Town of Smithtown, an examination of the Plaintiff pursuant to General Municipal Law § 50-h was held and completed.

## STATEMENT OF FACTS

31. On December 27, 2014 at approximately 10:15 p.m. the Plaintiff left her home at 43 Landing Meadow Road, Smithtown, New York 11787 to visit the home of her sister, Patricia Bartch, at 86 Elderwood Drive, St. James, New York 11780. While traveling north on Route 25A in her 2013 black Lexus ES350 Sedan, the Plaintiff noticed that a car had been following her for approximately two (2) to three (3) miles. The Plaintiff exited Route 25A to take a side street to her sister's house as she was nervous that said car was following her for such a period of time. Although the Plaintiff exited Route 25A the same car proceeded to follow her when she began taking the side streets making her more nervous and uncomfortable.

32. As the Plaintiff pulled in front of the home of her sister, Patricia Bartch, she proceeded to look for her cell phone while she was inside he car as she was fearful of exiting her car as the car that had been following her pulled up behind her with its headlights on. Shortly thereafter, another car pulled up behind her adjacent to the other car with its overhead lights on.

33. While seated in her car two (2) Caucasian males dressed in uniform, one (1) older and one (1) younger, approached the Plaintiff. The Plaintiff believes that the younger male is the Defendant, Town of Smithtown Park Ranger Joseph Paterson, and that the older male is the Defendant, Village of Head of the Harbor Police Officer Robert M. Rosenthal.

34. As Park Ranger Paterson and Police Officer Rosenthal approached the Plaintiff's driver's side door, without warning Park Ranger Paterson yelled for the Plaintiff to get out of her car. Although the Plaintiff asked what she had done, Park Ranger Paterson told her to shut her mouth, get out of the car, get down on the ground and to put her hands behind her back. The Plaintiff was extremely frightened, shaking and crying when Park Ranger Paterson yelled said statements to her. The Plaintiff attempted to explain to Park Ranger Paterson and Police Officer Rosenthal that she was just coming to her sister's house to say hello to family members at a Christmas party being held at said location. The Plaintiff proceeded to explain that she was not even dressed to go out as she was only wearing her pajama's, shoes and a jacket. Park Ranger Paterson proceeded to yell "What's the address?" and as the Plaintiff was scared and frightened she could not remember the actual physical address at that moment whereby Park Ranger Paterson said "Yeah right, you don't remember". The Plaintiff proceeded to state "It's my sister's house, go to the door and get someone" as she pointed to the front of her sister's home which was where she had parked her vehicle.

35. At that point, Park Ranger Paterson grabbed the Plaintiff by her left arm as she was seated in the front seat of car, grabbing her by her left elbow, pulling her onto the ground, whereby as she was pulled from her car her buttocks hit the bottom door sill abruptly as she was pulled to the ground. The Plaintiff was pulled face down to the ground with Park Ranger Paterson and/or Police Officer Rosenthal pulling her arms behind her back. As the Plaintiff was forced to the ground she hit her lip and right elbow upon the asphalt road. As Park Ranger Paterson and Police Officer Rosenthal was pulling her arms behind her back one of them was pushing on her back at which point she was handcuffed. While on the ground the Plaintiff pleaded with Park Ranger Paterson and Police Officer Rosenthal to go to the front door of her sister's house. The Plaintiff further pleaded that she did not do anything wrong at which point Park Ranger Paterson and/or Police Officer Rosenthal yelled at her to shut up and stay on the ground.

36. Shortly thereafter, Dennis Bartch, the brother-in-law of the Plaintiff came out of his house. Park Ranger Paterson and/or Police Officer Rosenthal proceeded to ask him "Do you know this woman?" and he responded "Yes, that is my sister-in-law. What did she do?" Park Ranger Paterson replied that the Plaintiff had run away from the police. Dennis Bartch proceeded to tell Park Ranger Paterson and Police Officer Rosenthal to check the Plaintiff's drivers license as she lives in Smithtown. Park Ranger Paterson responded "We already have it". Shortly thereafter Patricia Bartch, the sister of the Plaintiff exited her home and was visibly upset. Mrs. Bartch asked Park Ranger Paterson and Police Officer Rosenthal "What are you doing? She has a heart problem, get her off the ground".

37. Approximately fifteen (15) minutes later a female police officer who the Plaintiff believes to be Nissequogue Village Police Officer McGayhey, Badge Number 404, arrived at the above location. Police Officer McGayhey looked at the Plaintiff while she was on the ground and immediately said "That's not her."

38. The Plaintiff was face down on the ground with her arms handcuffed behind her back for approximately fifteen (15) minutes. Once Police Officer McGayhey stated that the Plaintiff was not the individual that the Police were looking for Park Ranger Paterson and Police Officer Rosenthal attempted to take the handcuffs off the Plaintiff but they could not get them off immediately. As Police Officer Rosenthal was taking the handcuffs off of the Plaintiff he repeatedly stated that he was very sorry.

39. At no point did Park Ranger Paterson or Police Officer Rosenthal ever ask for any identification such as a driver's license from the Plaintiff.

40. The Plaintiff has subsequently learned that shortly before the above incident that a Police Officer for the Nissequogue Village Police Department had stopped a twenty four (24) year old female in a black Honda for a traffic violation. Although the woman in said Honda gave her license and registration to a Nissequogue Village Police Officer as said Officer went back to his/her car, the woman driving the black Honda fled.

41. Upon information and belief Park Ranger Paterson was present and assisted the Nissequogue Village Police Officer in stopping the twenty four (24) year old female in the black Honda for the traffic violation set forth above.

42. At no time during the events described above, was the Plaintiff intoxicated, incapacitated, a threat to the safety of herself or others, or disorderly.

43. At no time did the Plaintiff commit any offense in violation of the laws of the County of Suffolk, the State of New York or the United States.

44. There was no legal cause to justify the arrest and/or detention of the Plaintiff.

45. From the moment of her arrest until her release from custody the Plaintiff was detained and confined against her will and she was aware of her detention and confinement.

46. The Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal set forth above, had no warrant for the arrest of the Plaintiff, no probable cause to stop the Plaintiff, no probable cause to detain the Plaintiff, no probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

47. As a direct and proximate result of the acts of the Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, set forth above, the Plaintiff suffered the following injuries and damages:

   a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of her person;
   b. Violation of her constitutional rights under the Constitution of the State of New York;
   c. Loss of her physical liberty; and
   d. Physical pain and suffering, shame, humiliation and emotional trauma and suffering.

48. The actions of the Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, set forth above, violated the following clearly established and well-settled federal constitutional rights of the Plaintiff:

   a. Freedom from the unreasonable seizure of her person;
   b. Freedom from the unreasonable search of her person; and
   c. Freedom from the use of excessive, unreasonable and unjustified force against her person.

## COUNT I

### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments Against Individual Defendants

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "48" as if fully set forth herein.

50. The Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, were persons acting under the color of state law.

51. The Plaintiff had the right, under state law and federal law, including the Constitution of the United States, to be free of unreasonable seizure of her person and interference with her liberty by officers and agents of governmental entities, including the Town of Smithtown and the Village of Head of the Harbor. More specifically, the Plaintiff had the right to be free of such seizure and interference in the absence of probable cause to believe that she had committed a crime.

52. Due to the actions of the Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, as alleged herein, the Plaintiff was unlawfully deprived of rights secured by the United States Constitution and federal law.

53. The actions of the Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, as alleged herein, deprived the Plaintiff of her liberty without due process in violation of the Fourteenth Amendment of the United States Constitution and of her right to be free of unreasonable seizure, in violation of the Fourth Amendment, made applicable here by the Fourteenth Amendment of the United States Constitution.

54. The Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, jointly and severally.

## COUNT II
### False Arrest and Illegal Imprisonment Against Individual Defendants

55. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "54" as if fully set forth herein.

56. The Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, illegally arrested and illegally detained and imprisoned the Plaintiff.

57. As a result of this false arrest the Defendants, Town of Smithtown Park Ranger Joseph Paterson and Village of Head of the Harbor Police Officer Robert M. Rosenthal, are jointly and severally liable to the Plaintiff for the damages suffered by her.

## COUNT III

**42 U.S.C. § 1983 Against Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse and Village of Head of the Harbor**

58. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "57" as if fully set forth herein.

59. Upon information and belief, prior to December 27, 2014, the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse and Village of Head of the Harbor, developed, implemented, maintained, enforced, encouraged and sanctioned de facto polices, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

60. Upon information and belief the Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

61. The constitutional abuses and violations by the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, and Town of Smithtown Park Ranger Division Supervisor Thomas Grosse, through the actions of their Park Rangers and employees, including Town of Smithtown Park Ranger Joseph Paterson set forth above, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, maintained, enforced, encouraged and sanctioned by the Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, and Town of Smithtown Park Ranger Division Supervisor Thomas Grosse.

62. The constitutional abuses and violations by the Defendant, Head of the Harbor, through the actions of their Police Officers and employees, including Head of the Harbor Police Officer Robert M. Rosenthal set forth above, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, maintained, enforced, encouraged and sanctioned by the Village of Head of the Harbor.

63. Upon information and belief it was the policy and/or custom of the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, and Town of Smithtown Park Rangers Division Supervisor Thomas Grosse, to inadequately and improperly investigate citizens

complaints of misconduct, and acts of misconduct were instead tolerated by the Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, and Town of Smithtown Park Ranger Division Supervisor Thomas Grosse.

64. Upon information and belief it was the policy and/or custom of the Defendant, Village of Head of the Harbor, to inadequately and improperly investigate citizens complaints of misconduct, and acts of misconduct were instead tolerated by the Village of Head of the Harbor.

65. Upon information and belief it was the policy and/or custom of the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine and Town of Smithtown Park Ranger Division Supervisor Thomas Grosse, to inadequately supervise and train their Park Rangers and employees, including Town of Smithtown Park Ranger Joseph Paterson set forth above, thereby failing to adequately discourage further constitutional violations on the part of their Park Rangers and employees.

66. Upon information and belief it was the policy and/or custom of the Defendant, Village of Head of the Harbor, to inadequately supervise and train their Police Officers and employees, including Head of the Harbor Police officer Robert M. Rosenthal set forth above, thereby failing to adequately discourage further constitutional violations on the part of their Police Officers and employees.

67. Upon information and belief the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine and Town of Smithtown Park Ranger Division Supervisor Thomas Grosse did not require appropriate in-service training or re-training of Park Rangers and employees who were known to engage in misconduct.

68. Upon information and belief, as a result of the above described policies and customs, Park Rangers and employees of the Town of Smithtown, including Town of Smithtown Park Ranger Joseph Paterson set forth above, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. Upon information and belief the Defendant, Village of Head of the Harbor, did not require appropriate in-service training or re-training of Police Officers and employees who were known to engage in misconduct.

70. Upon information and belief, as a result of the above described policies and customs, Police Officers and employees of the Village of Head of the Harbor, including Head of the Harbor Police Officer Robert M. Rosenthal set forth above, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

71. The above described polices and customs demonstrate a deliberate indifference on the part of policymakers of the Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse and the Village of the Head of the Harbor to the constitutional rights of persons within the Town of Smithtown and were the cause of the violations of Plaintiff's rights alleged herein.

72. By reason of the foregoing the Defendants, Town of Smithtown, Town of Smithtown Department of Public Safety Director John Valentine, Town of Smithtown Park Ranger Division Supervisor Thomas Grosse and Village of the Head of the Harbor, are jointly and severally liable to the Plaintiff under 42 U.S.C. § 1983 for damages resulting from their failure to train and supervise.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. That this Court award Plaintiff such damages (nominal, compensatory and/or punitive), as are just and appropriate following the trial of this matter;

B. That this Court award Plaintiff the reasonable costs and expenses of this action, including reasonable attorney's fees, in accordance with 42 U.S.C. § 1988; and

C. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial of all issues in this case.

Dated: Bellport, New York
       March 21, 2016

Yours, etc.,

HAROLD A. STEUERWALD, LLC.
Attorney for Plaintiff
By: Harold A. Steuerwald (4761)
112 South Country Road, Suite 116
Bellport, New York 11713
(631) 286-0800

**INDEX NO.:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MARIA LaMARIANA,

                            **Plaintiff,**

- against -

TOWN OF SMITHTOWN, TOWN OF SMITHTOWN DEPARTMENT OF PUBLIC SAFETY DIRECTOR JOHN VALENTINE, TOWN OF SMITHTOWN PARK RANGER DIVISION SUPERVISOR THOMAS GROSSE, TOWN OF SMITHTOWN PARK RANGER JOSEPH PATERSON, VILLAGE OF HEAD OF THE HARBOR and VILLAGE OF HEAD OF THE HARBOR POLICE OFFICER ROBERT M. ROSENTHAL,

                            **Defendants.**

---

# SUMMONS AND COMPLAINT

---

**HAROLD A. STEUERWALD, LLC.**
Attorney for Plaintiff
112 South Country Road, Suite 116
Bellport, New York 11713
(631) 286-0800

**LITIGATION PAPERS ARE NOT TO BE SERVED BY
FAX EXCEPT BY PRIOR WRITTEN PERMISSION**